FILED
SUPERIOR COURT
OF GUAM

2024 APR 19 AM 8: 36

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM** | Criminal Case No. CM0363-22 |
| | GPD Report No. 21-26405 |
| vs. | |
| **UGOCHUKWU E. AKOMA,** | **DECISION AND ORDER** |
| | (Motion for Mistrial) |
| Defendant. | |

This matter is before the Honorable Alberto E. Tolentino upon the jury trial of Ugochukwu E. Akoma ("Defendant"). Attorney Joaquin C. Arriola, Jr. represents Defendant. Assistant Attorneys General Randall Winston B. Albright, Grant A. Olan, and Steven J. Coaty have appeared on behalf of the People of Guam ("People"). On April 15, 2024, outside the presence of the jury, Defendant made an oral motion for a mistrial. After hearing argument from both parties, the Court orally **GRANTED** the mistrial, and now issues the following Decision and Order to memorialize its ruling.

## BACKGROUND

In 2022, the People charged Defendant with two counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor) against one victim. Magistrate's. Compl. (Oct. 20, 2022). Jury selection in this case began and concluded on April 8, 2024, and trial proceeded on April 9, 10, 11, 12, and 15. Throughout the trial, evidentiary issues have been litigated and relitigated. *See, e.g.,* People's Notice of Intent to Use 404(b) Evidence at Trial (Apr. 8, 2024); People's Mot. *in Limine* to Limit Voir Dire and Exclude Evidence (Apr. 8, 2024); People's Mot. Reconsideration

1

of Order Excluding People's Exhibit 4 and Testimony . . . (Apr. 15, 2024); People's Mot. Reconsideration of Order Excluding Testimony of Sergeant Roy Henricksen . . . (Apr. 15, 2024); *see also* Min. Entry at 4:27:34 PM (Jury Trial, April 10, 2024) (evidentiary chain of custody issues); Min. Entry at 10:49:44 AM (Jury Trial, April 11, 2024) (unlisted witness and witness-ordering issues).

On April 9, 2024, the People of Guam made an oral motion for a mistrial based on the Court's evidentiary rulings, which Defendant objected to and the Court ultimately denied. Min. Entry at 1:22:41 PM (Jury Trial, April 9, 2024).

On April 15, 2024, Defendant made an oral motion for a mistrial. Citing *People v. Aguon*, 2020 Guam 24, Defendant argued that the cumulative effect of the People's evidentiary errors had confused and tainted the jury, and that under the circumstances, the Court cannot "un-ring the bell" of the evidentiary issues with a curative instruction. Min. Entry at 10:47:00 AM (Jury Trial, Apr. 15, 2024). In response, the People argued they had already elicited sufficient testimony to meet the essential elements of the charges and advocated for a curative instruction. *Id.* at 10:51:36 AM.

After a short recess to consider the issue, the Court first asked Defendant whether he consented to his counsel's request for a mistrial; Defendant indicated his consent. *Id.* at 11:26:09 AM. The Court then gave both parties an opportunity to suggest feasible alternatives to mistrial; neither did so. Thereafter, the Court announced it would grant the motion for the reasons explained below. *Id.* at 11:27:07 AM.

## DISCUSSION

The power to declare a mistrial is committed to the discretion of the trial court, as the trial court "is in the best position to decide" whether a mistrial is warranted. *People v. Aguon*, 2020 Guam 24 ¶ 22 (quoting *United States v. Nace*, 561 F.2d 763, 768 (9th Cir. 1984)). Mistrial is "an

extraordinary measure reserved for 'plain and obvious cases.'" *Id.* ¶ 27 (quoting *United States v. Gann*, 732 F.2d 714, 725 (9th Cir. 1984)). Further, "[a] mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial impact of the error." *Id.* ¶ 22 (quoting *Gann*, 732 F.2d at 725). The Court believes this is a "plain and obvious" case, one where a cautionary instruction will not cure the prejudicial impact of the evidentiary errors.

All criminal trials in the Superior Court of Guam must be conducted in accordance with the Guam Rules of Evidence. This ensures a fair trial for Defendant and for the People alike. However, at several points in the trial, the People have not complied with these rules. After six days of trial, much courtroom time has been spent addressing and readdressing the admissibility of evidence, and accordingly the jury has been seated for relatively few hours. And what little evidence the jury *has* received has been further diminished by valid objections to admissibility. This has compromised the integrity of the case.

A significant percentage—in Defendant's estimation, more than half—of all the testimony to date has been stricken. *See* Min. Entry at 2:32:31 PM (Jury Trial, April 9, 2024) (striking victim's testimony); *id.* at 2:37:23 PM (same); Min. Entry at 3:23:36 PM (Jury Trial, Apr. 11, 2024) (striking Sgt. Henricksen's testimony); Min. Entry at 4:56:42 PM (Jury Trial, Apr. 12, 2024) (striking victim's testimony). Several evidentiary exhibits offered by the People have been excluded or stricken. *See* Min. Entry at 3:05:36 PM (Jury Trial, Apr. 11, 2024) (People's Exhibit 2); *id* at 3:10:58 PM (People's Exhibit 1); Min. Entry at 4:51:10 PM (Jury Trial, Apr. 12, 2024) (People's Exhibits 4A-4I). The Court has also heard, and denied, motions for reconsideration on these and other evidentiary issues. *See* Min. Entry at 1:07:40 AM (Jury Trial, Apr. 9, 2024) (exclusion of audio recording); Min. Entry at 10:08:16 AM (Jury Trial, Apr. 15, 2024) (exclusion

of Sgt. Henricksen's testimony); *id.* at 10:43:53 AM (exclusion of People's Exhibits 1 and 2); *id.* at 10:46:27 AM (exclusion of Guam R. Evid 404(b) evidence).

The Court has observed the jurors throughout the trial and has been impressed with their attentiveness and diligence. Many of these jurors have taken detailed notes—and have scrambled to amend their notes each time the Court has informed them that the evidence they've just been exposed to must play no role in their deliberations. This is particularly troubling to the Court because the evidence in question appeared to be relevant and probative, yet it needed to be excluded under technical rules such as Guam R. Evid. 802 (hearsay) and Guam R. Evid 1002 (requirement of original recordings). Thus, the jurors have been exposed repeatedly to evidence which may be important to the case but which they cannot consider, for reasons they may not understand. This is ultimately prejudicial to Defendant, as there is a distinct possibility that some or all of this stricken evidence may continue to impact the jury.

If there were only one instance of evidentiary error, a curative instruction could potentially ameliorate the issue. *See Aguon*, 2020 Guam 24 ¶ 29; *United States v. Charmley*, 764 F.2d 675, 677 (9th Cir. 1985). But here there have been multiple instances, across a short time frame. With deepest respect to the jurors, the Court does not believe a curative instruction would be sufficient to "un-ring the bell" of the excluded evidence. *See State v. Ayotte*, 776 A.2d 715, 718 (N.H. 2001); *see also Ulloa v. McMillin Real Estate & Mortgage, Inc.*, 149 Cal. App. 4th 333 (Cal. App. 2007) (noting the purpose of a motion *in limine* is "to avoid the obviously futile attempt to 'unring the bell' in the event a motion to strike is granted in the proceedings before the jury."). It is not fair to the jurors to require them to sift through such a fractured evidentiary record to determine what they may consider, and it is not fair for Defendant to face a jury forced into that

4

untenable position. Under the circumstances, continuing with the trial would be incurably prejudicial to Defendant, and so there is a manifest necessity for a mistrial.

<b><u>CONCLUSION</u></b>

Everyone involved in this trial is entitled to a fair trial consistent with all applicable court rules. Unfortunately, neither the parties nor the jury have received that kind of trial. There is no curative instruction the Court can give to remedy the situation; the bell cannot be un-rung. Under these circumstances, the Court finds manifest necessity and thus **GRANTS** Defendant's request for a mistrial.[1]

**SO ORDERED** this ___ APR 1 9 2024 ___.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG r ARRIOLA



4/19/24 (8:00am)
Date        Time
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam

---

[1] The parties have already made oral arguments as to whether the declaration of mistrial requires dismissal of the case with prejudice, and the issue is now under advisement with the Court. *See* Min. Entry at 2:13:09 PM - 2:55:57 PM (Jury Trial, April 15, 2024). The Court will decide that in a separate Decision and Order.